UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AKF INC., d/b/a FUNDKITE,

                      Petitioner,

      - against -

SIERRA SLOT SOURCE LLC, CHILCOOT PROPERTIES, LLC, DONALD F. DUPONT, JR., and SURESH N. NAIDU,

                      Respondents.

**ORDER**

23 Civ. 1619 (PGG) (GWG)

---

PAUL G. GARDEPHE, U.S.D.J.:

      In this action under the New York CPLR, Petitioner AKF Inc., d/b/a FundKite, seeks an order restraining the bank accounts of Respondents Sierra Slot Source LLC, Chilcoot Properties, LLC, Donald F. Dupont, Jr., and Suresh N. Naidu pending the outcome of an arbitration proceeding among the parties. (Pet. (Dkt. No. 1)) Petitioner filed this action in Supreme Court of the State of New York, New York County, but Respondent Naidu – proceeding pro se – removed the action to this Court, alleging diversity jurisdiction. (Notice of Removal (Dkt. No. 1))

      On March 8, 2023, AKF moved to remand. (Dkt. No. 5) On March 14, 2023, this Court referred AKF's motion to Magistrate Judge Gorenstein for a Report and Recommendation ("R&R"). (Dkt. No. 7) On April 5, 2023, Judge Gorenstein issued an R&R recommending that AFK's motion to remand be granted, because (1) "Naidu's notice of removal . . . does not identify the citizenship of the members of [parties that are LLCs]," which is necessary to establish diversity of citizenship for jurisdictional purposes; (2) "the notice of removal reflects only that Naidu consented to removal . . . . [and] does not reflect that any other party has consented, much less provide written consent from them"; and (3) "Naidu's notice of removal

. . . was not filed until January 13, 2023, 171 days after the service date," and was therefore untimely. (R&R (Dkt. No. 11) (citing, inter alia, Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC, 692 F.3d 42, 49 (2d Cir. 2012); 28 U.S.C. §§ 1446(b)(1) and (2)(A)))

28 U.S.C. § 636(b)(1)(C) provides that, "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to [a magistrate judge's] proposed findings and recommendations . . . ." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."). Here, no party has filed objections to Magistrate Judge Gorenstein's R&R.

In the R&R, Judge Gorenstein advises the parties that they

> have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. . . . If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal.

(R&R (Dkt No. 11) at 5-6 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b), 6(d), and 72(b); Thomas v. Arn, 474 U.S. 140 (1985); and Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010)) (emphasis in original))

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a timely objection has been made to a magistrate judge's R&R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

Where, as here, no party filed objections to the R&R – despite clear warning that a failure to file objections would result in a waiver of judicial review (see R&R (Dkt. No. 11) at

2

5-6) – judicial review has been waived. See DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (a "party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object" (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.").

This rule is non-jurisdictional, however, and because "its violation may be excused in the interests of justice," DeLeon, 234 F.3d at 86 (citing Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993)), this Court has considered whether there is any "'clear error on the face of the record'" that precludes acceptance of the magistrate judge's recommendation. Wingate v. Bloomberg, No. 11 Civ. 188 (JPO), 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (quoting Fed. R. Civ. P. 72(b) advisory committee note; citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.")).

This Court has reviewed Judge Gorenstein's R&R and finds it to be thorough, well-reasoned, and free of any clear error. Accordingly, Judge Gorenstein's R&R (Dkt. No. 11) is adopted in its entirety, and AKF's motion to remand (Dkt. No. 5) is granted.

The Clerk of Court is directed to remand this case to the Clerk of Supreme Court of the State of New York, New York County, terminate all pending motions, and close this case.

Dated: New York, New York
May 19, 2023

SO ORDERED.

Paul G. Gardephe
United States District Judge